**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **FENNER INVESTMENTS, LTD.** § | | |
| § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 6:11-cv-348 | |
| § | | |
| **CELLCO PARTNERSHIP d/b/a** § | JURY TRIAL | |
| **VERIZON WIRELESS,** § | | |
| **METROPCS COMMUNICATIONS,** § | | |
| **INC., METROPCS WIRELESS, INC.,** § | | |
| **and METROPCS TEXAS, LLC,** § | | |
| § | | |
| DEFENDANTS. § | | |
| § | | |
| § | | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Fenner Investments, Ltd., ("Fenner") for its Complaint against Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), MetroPCS Communications, Inc., MetroPCS Wireless, Inc., and MetroPCS Texas, LLC (collectively "MetroPCS"), alleges as follows:

**THE PARTIES**

1. Fenner is a limited partnership duly organized and existing under the laws of the State of Texas, having a principal place of business in Richardson, Texas.

2. On information and belief, Verizon Wireless is a general partnership organized and existing under the laws of the State of Delaware, having a principal place of business in Basking Ridge, New Jersey. On information and belief, Verizon Wireless owns and operates network communications systems in the United States that employ equipment for managing network access by mobile users. Verizon Wireless may be served by serving its registered agent,

1

The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. On information and belief, MetroPCS Communications, Inc. is a Delaware corporation, having a principal place of business in Richardson, Texas. MetroPCS Communications, Inc. may be served by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. On information and belief, MetroPCS Wireless, Inc., a subsidiary of MetroPCS Communications, Inc., is a Delaware corporation, having a principal place of business in Dallas, Texas. MetroPCS Wireless, Inc. may be served by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. On information and belief, MetroPCS Texas, LLC is a Delaware entity, having a principal place of business in Dallas, Texas. MetroPCS Texas, LLC may be served by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. On information and belief, MetroPCS owns and operates network communications systems in the United States that employ equipment for managing network access by mobile users.

## JURISDICTION AND VENUE

7. This action arises under the United States Patent Laws, codified at 35 U.S.C. §§ 1, *et seq.*, including §§ 271 and 281.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court may exercise personal jurisdiction over Verizon Wireless because Verizon Wireless has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and this judicial district.

10. This Court may exercise personal jurisdiction over MetroPCS because MetroPCS has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and this judicial district.

11. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b) because Verizon Wireless resides in this judicial district, or has committed acts of infringement and has a regular and established place of business in this judicial district.

12. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b) because MetroPCS resides in this judicial district, or has committed acts of infringement and has a regular and established place of business in this judicial district.

## PATENT INFRINGEMENT

13. On October 1, 1996, United States Patent No. 5,561,706 ("the '706 patent"), entitled "System for Managing Access by Mobile Users to an Interconnected Communications Network where a Billing Authority is Identified by a Billing Code from the User" was duly and lawfully issued by the USPTO to Inventor Peter R. Fenner. A true and correct copy of the '706 patent is attached to this Complaint as Exhibit A and incorporated herein by reference. The '706 patent was assigned to Fenner Investments, Ltd., and Fenner Investments, Ltd. continues to hold all rights and interests in the '706 patent.

*Verizon Wireless*

14. Verizon Wireless has and continues to commit acts of infringement in violation of 35 U.S.C. § 271 by performing the methods claimed in the '706 patent within the United States

and/or inducing infringement by affiliates, which acts of infringement earn revenue for Verizon Wireless from fees charged to mobile users who are provided access to Verizon Wireless's network communications systems.

15. Verizon Wireless had actual and/or constructive notice of the '706 patent, but continued the aforementioned acts of infringement willfully.

16. Verizon Wireless's willful infringement of the '706 patent makes this case exceptional pursuant to 35 U.S.C. § 285.

17. Verizon Wireless has caused and will continue to cause Fenner substantial damage and irreparable injury by virtue of its past and continuing infringement of the '706 patent.  Fenner will suffer further damage and irreparable injury unless and until Verizon Wireless is enjoined by this Court from continuing such infringement.

*MetroPCS*

18. MetroPCS has and continues to commit acts of infringement in violation of 35 U.S.C. § 271 by performing the methods claimed in the '706 patent within the United States and/or inducing infringement by affiliates, which acts of infringement earn revenue for MetroPCS from fees charged to mobile users who are provided access to MetroPCS's network communications systems.

19. MetroPCS had actual and/or constructive notice of the '706 patent, but continued the aforementioned acts of infringement willfully.

20. MetroPCS's willful infringement of the '706 patent makes this case exceptional pursuant to 35 U.S.C. § 285.

21. MetroPCS has caused and will continue to cause Fenner substantial damage and irreparable injury by virtue of its past and continuing infringement of the '706 patent.  Fenner

will suffer further damage and irreparable injury unless and until MetroPCS is enjoined by this Court from continuing such infringement.

## JURY DEMAND

22.  Pursuant to Federal Rule of Civil Procedure 38, Fenner demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff Fenner Investments, Ltd. prays that Defendants Cellco Partnership d/b/a Verizon Wireless, MetroPCS Communications, Inc., MetroPCS Wireless, Inc., and MetroPCS Texas, LLC be cited to appear and answer herein, and that Fenner be granted the following relief:

a.  Judgment that Verizon Wireless and MetroPCS have infringed one or more claims of the '706 patent;

b.  Judgment that Verizon Wireless's and MetroPCS's patent infringement have been, and continue to be, willful;

c.  A permanent injunction enjoining Verizon Wireless, MetroPCS, their officers, agents, servants, employees, and those persons in active concert or participation with Verizon Wireless and MetroPCS, from performing the methods that infringe the '706 patent;

d.  Damages adequate to compensate for Verizon Wireless's and MetroPCS's patent infringement, but in no event less than a reasonable royalty for Verizon Wireless's and MetroPCS's acts of practicing the inventions claimed in the '706 patent, together with interest and costs under 35 U.S.C. § 284;

e.  Trebling the aforesaid damages due to Verizon Wireless's and MetroPCS's willful infringement, pursuant to 35 U.S.C. § 284;

f.  Pre-judgment and post-judgment interest on the damages assessed;

  g. Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding Fenner its reasonable attorneys' fees and expenses; and

  h. Such other and further relief, both at law and in equity, to which Fenner may be entitled.


DATED:  July 6, 2011.       Respectfully Submitted,

               **LOEWINSOHN FLEGLE DEARY, L.L.P.**

               /s/ Jim L. Flegle
               Jim L. Flegle, TBN #07118600 (lead counsel)
               David R. Deary, TBN #05624900
               Peter J. Thoma, TBN #19841200
               Corey Weinstein, TBN #24037685
               12377 Merit Drive, Suite 900
               Dallas, Texas 75251-2224
               (214) 572-1700 Telephone
               (214) 572-1717 Telecopy
               JimF@lfdlaw.com
               DavidD@lfdlaw.com
               PeterT@lfdlaw.com
               CoreyW@lfdlaw.com

               **ATTORNEYS FOR PLAINTIFF,
               FENNER INVESTMENTS, LTD.**